```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
ROBERT FORCE and DONNA FORCE,                :
                                             :     **MEMORANDUM AND ORDER**
                        Plaintiffs,          :     16-CV-06062 (DLI)(RLM)
                                             :
        -against-                            :
                                             :
THE OTSEGO COUNTY TREASURER, DAN             :
CROWELL (Defendant Official in his Personal and :
Official Capacities), THE OTSEGO COUNTY      :
TRESURER'S OFFICE, THE OSTEGO COUNTY         :
BOARD OF REPRESENTATIVES, BOARD              :
CHAIR KATHLEEN CLARK (Defendant Official     :
in her Personal and Official Capacities), and :
CHRISTOS PARAKEVOPOULOS,                     :
                                             :
                        Defendants.          :
-----------------------------------------------------------------x
```
**DORA L. IRIZARRY, Chief United States District Judge:**

On November 1, 2016, Plaintiffs Robert and Donna Force ("Plaintiffs") initiated the present action against the Otsego County Treasurer, Dan Crowell; the Ostego County Treasurer's Office; the Otsego County Board of Representatives; and the Otsego County Board of Representatives Chair, Kathleen Clark (collectively, the "County Defendants"); and Christos Parakevopoulos (collectively, "Defendants") by filing a complaint ("Compl.") that asserted various claims relating to a default judgment entered against them in a tax foreclosure case involving real property. Dkt. Entry No. 1.

On December 20, 2016, the County Defendants filed a motion to dismiss the complaint for failure to state a claim and a motion to strike the complaint for violation of Federal Rule of Civil Procedure 8. *See* County Defendants' Mem. of Law Supporting Mot. To Dism., Dkt. Entry 16. On January 11, 2017, Plaintiffs moved for leave to file an amended complaint, which the Court granted. *See* Dkt. Entry No. 19. On January 18, 2017, Defendants' motion to dismiss the

complaint was terminated as moot. On January 23, 2017, Plaintiffs filed their amended complaint. *See* Dkt. Entry No. 24. On January 24, 2017, the County Defendants moved to strike the amended complaint for failure to comply with the directions of the Honorable Roanne L. Mann, Chief United States Magistrate Judge. *See* Dkt. Entry No. 25. The Court agreed and struck the amended complaint. Plaintiffs filed a corrected amended complaint later that day ("Amended Compl."). *See* Dkt. Entry No. 28.

Plaintiffs seek damages for: (1) violations 42 U.S.C. § 1983 against the County Defendants; (2) violations 42 U.S.C. § 1985 against the County Defendants; (3) violations of the Fourth, Fifth, and Fourteenth Amendments against the County Defendants; and (4) wrongful eviction against Defendant Parakevopoulos. Amended Compl. at 33-35.

On January 26, 2017, the County Defendants moved to dismiss and strike the amended complaint. *See* County Defendants' Mem. of Law Supporting Mot. to Dism. Amended Compl. ("County Defendants' Mot. to Dism."), Dkt. Entry 32. In its motion, the County Defendants assert, *inter alia*, that this action is barred by *res judicata*, collateral estoppel, the statute of limitations, and the *Rooker Feldman* doctrine; that the due process claims are meritless because of the availability of state law remedies; and that the action should be dismissed on the basis of improper venue. *See Id.* Defendant Parakevopoulos has not joined the County Defendants' Motion to Dismiss, nor has he filed an answer or otherwise responded to the amended complaint. Nevertheless, the County Defendants' Motion to Dismiss advocates for dismissal of the wrongful eviction claim against Parakevopoulos. *Id.* at 22-24.

On February 15, 2017, Plaintiffs opposed the County Defendants' Motion to Dismiss, denying that they attempted to relitigate a previous action, and otherwise reasserting allegations from the complaint. *See* Plaintiffs' Mem. of Law in Opposition to Defs. Mot. to Dism. Amended

Compl. ("Pls.' Opp."), Dkt. Entry No. 36. On February 20, 2017, the County Defendants filed their reply. *See* County Defs. Reply Mem. of Law Supporting Mot. to Dism. Amended Compl. ("County Defs. Reply"), Dkt. Entry No. 37.

On February 27, 2017, the County Defendants moved for sanctions against Plaintiffs and their counsel under Federal Rule of Civil Procedure 11 for bringing allegedly frivolous claims contained in the amended complaint. *See* Motion for Sanctions, Dkt. Entry 39.

For the reasons set forth below, all claims against all Defendants are dismissed, with prejudice, for lack of subject matter jurisdiction. The County Defendant's Motion for Sanctions is denied.

## BACKGROUND

The facts outlined herein, taken from the amended complaint, which incorporates the original complaint by reference, are assumed true for the purposes of this motion. The Court takes judicial notice of court documents relating to the prior foreclosure action in New York State County Court, Otsego County, titled, *In the Matter of the Foreclosure of Tax Liens by Proceeding in Rem pursuant to Article Eleven of the Real Property Tax law by Otsego County,* Index No. 2011-1115 (the "Foreclosure Action"); the entry of default judgment in the Foreclosure Action in New York State Supreme Court, Otsego County, Index No. 15-0723 ("the Default Judgment"); the appeal of the Foreclosure Action in the New York State Appellate Division, Third Judicial Department, affirming the Default Judgment, dated May 7, 2015 ("the Appeal"); and Plaintiffs' Article 78 Petition, denied by Hon. Brian Burns, J.S.C., 6th Judicial District, New York State Supreme Court, Otsego County ("Article 78 Proceeding"). *See Konrad v. Epley*, No. 12-CV-4021 (JFB) (ETB), 2013 WL 6200009, at *8 n.5 (E.D.N.Y. Nov. 25, 2013) ("Court records and other public records are facts of which a court may properly take judicial notice pursuant to Rule 201.")

*aff'd* 586 F. App'x 72 (2d Cir. 2014).

Plaintiff Robert Force is a member of the U.S. Air National Guard and served in the United States Navy from 1976-1982. Compl. at ¶ 46. Plaintiff Donna Force has multiple sclerosis and suffers from physical and mental disabilities. *Id.* at ¶ 48. Plaintiffs owned three parcels of land, mortgage-free, totaling 111 acres and valued at $258,900.00, in the Town of Butternuts, Otsego County (the "Property"). *Id*. at ¶¶ 34, 36. Plaintiffs kept the Property as a vacation/retirement home, while residing in Suffolk County. *Id.* at ¶¶ 32-33.

On January 23, 2013, the Otsego County Treasurer included the Property on a list of tax delinquent properties for failure to pay two years of back taxes. *Id.* at ¶ 38. Plaintiffs acknowledge owing two inconsecutive years of back taxes in 2013. *Id.* Plaintiffs claim that they were served with tax bills and notices for only two out of the three parcels owned, and that the notices pertaining to the third parcel were sent to a neighbor's address due to a scrivener's error. *Id.* at ¶ 43.

On January 23, 2013, the Otsego County Treasurer filed a Petition and Notice of Foreclosure in the New York State Supreme Court, Otsego County. Plaintiffs, then proceeding *pro se*, failed to answer or to appear. *Id.* at ¶ 60. On May 28, 2013, County Defendants filed a motion for default judgment against Plaintiffs, and, on June 14, 2013, the court entered the default judgment. *Id.* at ¶ 52. County Defendants did not file a military status affidavit for Mr. Force and the Court did not appoint counsel for Mr. Force prior to entering the default judgment. *Id.* at ¶ 54.

Plaintiffs then missed the June 30, 2014 deadline to pay back taxes. *Id.* at ¶ 50.

Plaintiffs retained counsel (now deceased) on July 16, 2014. *Id.* at ¶ 61. On August 6, 2014, Plaintiffs filed an appeal and request for an emergency stay to stay the August 20, 2014 tax sale and for vacatur of the default judgment. *Id.* at ¶ 83. On August 18, 2014, Plaintiffs and their attorney appeared before Hon. Brian Burns, J.S.C., 6th Judicial District, the Justice who had entered

the default judgment. *Id.* at ¶ 64. Justice Burns ordered Plaintiffs to place the back taxes ($21,600.00) in escrow, denied vacatur of the default judgment, and denied the motion to stay. *Id.* at ¶¶ 64, 85; *In re Foreclosure of Tax Liens by Cty. of Otsego,* 128 A.D.3d 1165, 1166 (3d Dept. 2015).

On August 19, 2014, Plaintiffs' attorney complied with the court's order to place the back taxes owed in an escrow account. Compl. at ¶ 65. Plaintiffs claim they believed that posting the back taxes in escrow created a stay on the sale of the Property, despite the court's ruling to the contrary. *Id.* at ¶ 66. On August 20, 2014, the Property was sold at public auction to Parakevopoulos. *Id.* at ¶ 80.

On August 19, 2014, Plaintiffs appealed the default judgment to the New York State Supreme Court, Appellate Division, Third Department ("Appellate Division"). *Id.* at ¶¶ 57, 87. Oral argument was held March 23, 2015. *Id.* at ¶ 102. On May 7, 2015, the Appellate Division issued a written opinion, affirming the default judgment and finding that Plaintiffs properly were notified of the Foreclosure Action and that the appeal was untimely. *Id.* at 57; *In re Foreclosure of Tax Liens by Cty. of Otsego,* 128 A.D.3d at 1166.

Plaintiffs' attorney passed away on April 5, 2015, and Plaintiffs retained current counsel on August 15, 2015. Compl. at ¶¶ 104, 106. On September 9, 2015, Plaintiffs filed an Article 78 Petition in the New York State Supreme Court, Otsego County, which was denied with prejudice on statute of limitations grounds on January 26, 2016. *Id.* at ¶¶ 107-08.

## DISCUSSION

### I. LEGAL STANDARD

Under Rule 8(a) of the Federal Rules of Civil Procedure, pleadings must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Pleadings are to give the defendant "fair notice of what the claim is and the grounds upon which it rests." *Dura Pharms.,*

*Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)), overruled in part on other grounds by *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

Under Rule 12(b)(6), a defendant may move, in lieu of an answer, for dismissal of a complaint for "failure to state a claim upon which relief can be granted." To resolve such a motion, courts "must accept as true all [factual] allegations contained in a complaint," but need not accept "legal conclusions." *Iqbal*, 556 U.S. at 678. For this reason, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to insulate a claim against dismissal. *Id*. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

"Federal courts are courts of limited jurisdiction whose power is limited strictly by Article III of the Constitution and congressional statute." *United Food & Commercial Workers Union, Local 919 AFL-CIO v. CenterMark Props. Merdien Square, Inc.*, 30 F.3d 298, 303 (2d Cir. 1994) (internal citation omitted). For that reason, parties "cannot waive subject matter jurisdiction by express consent, conduct, or estoppel because they fail to challenge jurisdiction early in the proceedings." *Id*. (internal citations and quotation marks omitted). When the Court lacks subject matter jurisdiction, it must dismiss the action. FED. R. CIV. P. 12(h)(3); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006).

## II. THE COURT LACKS JURISDICTION OVER THE CLAIMS AGAINST THE COUNTY DEFENDANTS UNDER THE *ROOKER FELDMAN* DOCTRINE

The Court lacks subject matter jurisdiction in this case over the County Defendants based on the *Rooker Feldman* Doctrine. *See Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923). "Underlying the *Rooker-Feldman* [D]octrine is the principle, expressed by Congress in 28 U.S.C. § 1257, that within the federal judicial system, only the Supreme Court may review state-court decisions." *Green v. Mattingly*, 585 F.3d 97, 101 (2d Cir. 2009) (internal citations and quotation marks omitted). This doctrine ensures that federal courts "give a state-court judgment the same preclusive effect as would be given that judgment under the law of the [s]tate in which the judgment was rendered." *O'Connor v. Pierson*, 568 F.3d 64, 69 (2d Cir. 2009) (internal citations and quotation marks omitted). In order for the *Rooker Feldman* Doctrine to apply, four requirements must be satisfied: "(1) the federal-court plaintiff lost in state court; (2) the plaintiff complains of injuries caused by a state court judgment; (3) the plaintiff invites review and rejection of that judgment; and (4) the state judgment was rendered before the district court proceedings commenced." *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014) (internal citations and quotation marks omitted). Notably, "courts within this Circuit routinely hold that a federal court action seeking to overturn a state court judgment of foreclosure or eviction is barred by the *Rooker-Feldman* doctrine." *Rossman v. Stelzel*, No. 11-CV-4293 (JS) (ETB), 2011 WL 4916898, at *4 (E.D.N.Y. Oct. 13, 2011) (collecting cases).

The procedural elements of the *Rooker Feldman* Doctrine, that is, the first and fourth prongs, clearly are met as to the County Defendants. Plaintiffs lost in state court *four* times: (1) the state trial court entered default judgment against Plaintiffs; (2) the state trial court denied

7

vacatur of the default judgment and refused to stay the foreclosure auction; (3) the state trial court dismissed Plaintiffs' Article 78 Petition; and (4) the Appellate Division, Third Department affirmed entry of the default judgment. All of these decisions were rendered prior to the commencement of the instant matter.

The substantive elements of the *Rooker Feldman* Doctrine, the second and third prongs, also are met easily. The amended complaint makes clear that the present action is nothing more than an attempt to stymie the impact of the state courts' decisions and to invite review and rejection of the state courts' reasoning and decisions.

All of the injuries that Plaintiffs allege stem from the state courts' decisions entering and upholding the default judgment in the Foreclosure Action that led to the sale of Plaintiffs' Property. Plaintiffs allege "damages arising out of conspiracy via (political affiliation/favoritism) to violate the Plaintiffs' Constitutional rights which resulted in damages *arising out of this wrongful tax foreclosure*." Amended Compl. at ¶ 40 (emphasis added). The amended complaint is replete with Plaintiffs' frustrations over the state judges' alleged dismissiveness of Plaintiffs' arguments. For example, Plaintiffs repeatedly allege that they were improperly served, despite the Appellate Division's finding that "the record before us demonstrates that [Plaintiffs] were properly served with notice of the commencement of this proceeding in January 2013 by both certified mail and ordinary first class mail as required by statute." Compl. at ¶¶ 42-45; *In re Foreclosure of Tax Liens by Cty. of Otsego*, 128 A.D.3d at 1166.

Plaintiffs also attack the reasoning in the state court decisions, alleging that "the Court failed to appoint counsel for the plaintiff in violation of 50 U.S.C. § 520 & 521" and accusing the trial court of erring in its rulings on statute of limitations and *res judicata* in the Article 78 Proceeding. Compl. at ¶¶ 55, 108. Plaintiffs further accuse the trial court of "ignor[ing] Plaintiffs'

plea"; that "multiple particularized conflicts of interest exist in this case" between the trial court and the Otsego County Attorney; and complain that "justice could not and cannot be obtained whatsoever in the 6th Judicial District Court." Amended Compl. at ¶¶ 97, 111-12. Furthermore, Plaintiffs directly quote the oral arguments of the motion to vacate the default judgment and the appeal to highlight the weaknesses in County Defendants' arguments in state court. Compl. at ¶¶ 63, 102.

Ultimately, Plaintiffs essentially ask this Court to "grant judicial review" over the state court decisions. Amended Compl. at ¶ 110. *See Webster v. Penzetta*, 458 F. App'x 23, 25 (2d Cir. 2012) (finding that the complaint "effectively sought federal court review of a previous state court judgment of foreclosure" and barring the claim under the *Rooker Feldman* Doctrine); *Swiatkowski v. New York*, 160 F. App'x 30, 31 (2d Cir. 2005) (explaining that the complaint "essentially amounts to an objection to the disposition of the foreclosure action" in the state trial court and dismissing the case under the *Rooker Feldman* Doctrine). This Court cannot endorse Plaintiffs' arguments without impermissibly rejecting state court decisions. Plaintiffs effectively seek an appeal of the state courts' decisions as to their claims against the County Defendants. As such, the Court lacks subject matter jurisdiction over those claims and the claims against the County Defendants are dismissed.

### III. THE CLAIMS AGAINST DEFENDANT PARAKEVOPOULOS ARE DISMISSED FOR FAILURE TO STATE A CLAIM

Plaintiffs label their Sixth Cause of Action, "Wrongful Eviction," but assert that Parakevopoulos violated their Constitutional rights to Due Process. Because this assertion is not supported by any factual allegations, the Court understands the Sixth Cause of Action to be a wrongful eviction claim, consistent with the title. *See Haynie v. N.Y. Hous. Auth.,* No. 14-CV-

5633 (CBA) (VVP), 2015 WL 502229, at *2 (E.D.N.Y. Feb. 5, 2015) (finding that plaintiff's unsupported conclusory allegations that defendant violated his due process rights were "simply an attempt to present a wrongful eviction claim."). It is well settled that federal courts do not have subject matter jurisdiction over eviction claims. *Id.* (collecting cases). Accordingly, this Court lacks subject matter jurisdiction over Plaintiffs' claim against Parakevopoulos, which is dismissed *sua sponte*.[1]

## IV. THE COUNTY DEFENDANTS' MOTION FOR SANCTIONS IS DENIED

The County Defendants seek "sanctions against Plaintiffs and/or their counsel for filing frivolous claims in the Amended Complaint" under Federal Rule of Civil Procedure 11(b)(2). Notice of Motion for Sanctions at 1. An attorney may be subject to sanctions under Rule 11 for presenting frivolous claims in a pleading. *Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.,* 682 F.3d 170, 177 (2d Cir. 2012). The standard for imposing sanctions is objective unreasonableness and is not based on the subjective beliefs of the person making the statement. *Id.* The operative question is whether the argument is frivolous, *i.e.,* the legal position has no chance of success, and there is no reasonable argument to extend, modify or reverse the law as it stands. *Id.* A district court has jurisdiction to impose sanctions irrespective of the status of the underlying case because the imposition of sanctions is an issue collateral to and independent from the underlying case. *Schlaifer Nance & Co. v. Estate of Warhol,* 194 F.3d 323, 333 (2d Cir. 1999). Thus, even when, as here, a district court lacks subject matter jurisdiction over an underlying action, it still possesses jurisdiction to impose sanctions arising from the underlying case. *Id.*

---

[1] Parakevopoulos has not entered an appearance in this action, nor moved to dismiss this claim. While Parakevopoulos is not represented by County Defendants' attorney, County Defendants argue that the claim against Parakevopoulos is "patently meritless." Mot. to Dism. at 22.

County Defendants argue that, because "Plaintiffs and their counsel had all the necessary information to recognize . . . when the Amended Complaint was filed" that "Plaintiffs are barred by principles of res judicata and collateral estoppel from pursuing their claims," the amended complaint violates Rule 11. Motion for Sanctions at 5. County Defendants later state that the *Rooker Feldman* Doctrine "may be largely moot and/or inapposite." *Id.* at 7 n.2. Considering that the Court dismisses this action on *Rooker Feldman* grounds and not on *res judicata* and collateral estoppel grounds, the Court will not issue sanctions against Plaintiffs and/or their counsel for failure to "recognize" that their claims are barred by *res judicata* and collateral estoppel. *See MacPherson v. Town of Southampton,* 664 F. Supp.2d 203, 213 (E.D.N.Y. 2009) (denying motion for sanctions, stating "[t]he issues raised by Plaintiffs' claims are not as simple as the [moving party] would have this Court believe, as evidenced by the failure of the [moving party] to adequately address these claims in their brief.").

Furthermore, the County Defendant's Motion for Sanctions reads less like a motion for sanctions and more like an attempt to supplement their motion to dismiss. All but a few paragraphs of the nineteen-page memorandum of law addresses arguments as to why Plaintiffs' claims should be dismissed, some of which the County Defendants failed to raise in their motion to dismiss. A motion for sanctions is not an end-run against deadlines or page limits on briefs.

## CONCLUSION

For the foregoing reasons, Plaintiffs' claims are dismissed in their entirety as to all Defendants, with prejudice, for lack of subject matter jurisdiction and County Defendants' Motion for Sanctions is denied. As no claims remain, County Defendants' motion to strike the amended complaint for violation of Federal Rule of Civil Procedure 8 is denied as moot.

SO ORDERED.

Dated: Brooklyn, New York
      September 30, 2017

/s/
DORA L. IRIZARRY
Chief Judge